**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6703**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

BOBBY RAY HUNT,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:09-cr-00034-FL-1; 7:12-cv-00230-FL)

———————

Submitted: August 7, 2015       Decided: September 10, 2015

———————

Before SHEDD and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Halerie F. Mahan, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shalika S. Kotiya, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Ray Hunt pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court initially found that Hunt qualified for enhanced statutory penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(c) (2012) ("ACCA"), and sentenced him to the statutory mandatory minimum of 180 months of imprisonment. Following his unsuccessful appeal of the ACCA finding, Hunt filed a 28 U.S.C. § 2255 (2012) motion, arguing that the ACCA enhancement no longer applied following this court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The district court concluded that Simmons did not apply to the ACCA determination and that, in any event, Hunt was still an armed career criminal following Simmons. The court, however, granted Hunt a certificate of appealability and Hunt appealed.

While Hunt's appeal was pending, we decided United States v. Newbold, ___ F.3d ___, 2015 WL 3960906 (4th Cir. June 30, 2015). In Newbold, we concluded that Simmons applies to the determination of whether a prior offense is predicate under the ACCA and that such a claim may be raised in a § 2255 proceeding. Id. at *3-*5. Based on this decision, we vacate the district court's order and remand for reconsideration.

"In reviewing the district court's determination that [Hunt] is an armed career criminal, we review factual findings

2

for clear error and legal conclusions de novo." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012). "The Government bears the burden of proving by a preponderance of the evidence that a defendant committed a predicate [serious drug offense]—the same standard that applies to any other sentencing factor." United States. v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014), cert. denied, 135 S. Ct. 942 (2015). Under the ACCA, a defendant convicted of violating § 922(g) is subject to a statutory minimum sentence of 15 years of imprisonment if he has sustained three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e). A serious drug offense is defined, in part, as a state offense involving manufacturing, distributing, or possessing with intent to distribute a controlled substance, "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

In the proceedings below, the district court concluded that Hunt's prior North Carolina convictions for burning an uninhabited house and 1988 convictions for two counts of possession with intent to deliver marijuana qualified as ACCA predicates, and that Hunt's 1981 convictions for possession with intent to deliver and delivery of controlled substances did not so qualify. Hunt does not challenge these findings. The court also determined that Hunt's 1987 convictions for possession with

3

intent to deliver and delivery of controlled substances were serious drug offenses under the ACCA, and Hunt argues on appeal that this finding was error.

In Newbold, we considered whether a maximum term of 10 years of imprisonment was prescribed for Newbold's 1984 North Carolina conviction for possession with intent to deliver a controlled substance. 2015 WL 3960906, at *5-*7. Based on the sentencing court's failure to articulate aggravating factors to expose Newbold to a sentence above the three-year presumptive term up to the statutory maximum term of 10 years, and the failure of the judgment to specify whether the sentencing court actually imposed a sentence above that three-year presumptive term, we concluded that there was no evidence in the record to support the conclusion that the offense of conviction was punishable by 10 years of imprisonment. Id. In light of this determination, we conclude that the district court should reconsider its determinations that Hunt's 1981 convictions were not serious drug offenses under the ACCA and that Hunt's 1987 convictions were serious drug offenses.

Accordingly, we vacate the district court's order and remand with instructions to reconsider these issues in light of Newbold. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid in the decisional process.

VACATED AND REMANDED